IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,090-01






EX PARTE JUAN CORONADO DELACRUZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 88-407,845 IN THE 137TH DISTRICT COURT

LUBBOCK COUNTY




 Per curiam.


 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art 11.07. 
Applicant was convicted of aggravated sexual assault, and punishment was assessed at thirty
(30) years' confinement. Applicant's conviction was affirmed on appeal. Delacruz v. State,
No. 07-90-0234-CR (Tex. App. -- Amarillo, delivered, August 28, 1990, no pet.).

 Applicant contends that he received ineffective assistance of counsel on appeal, in that
counsel filed his notice of appeal too late and so Applicant was denied the right to appeal.

 The trial court has entered an order concluding "that there are no controverted,
previously unresolved facts material to the legality of the applicant's confinement." 
However, we disagree. Applicant has stated facts requiring resolution. Because this Court
cannot hear evidence, it is necessary for the matter to be remanded to the trial court for
resolution. This trial court shall resolve the factual issues as set out in Tex. Code Crim.
Proc. art 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from
counsel and the State's attorney, or it may hold a hearing. In the appropriate case, the trial
court may rely on personal recollection.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing.

 Following receipt of additional information, the trial court shall make findings of fact
as to whether counsel filed the notice of appeal too late, and if so, why; whether Applicant
received effective assistance of counsel on appeal; and whether Applicant was denied the
right to appeal. The trial court shall also make any further findings of fact and conclusions
of law it deems relevant and appropriate to the disposition of the application for writ of
habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 169 Tex.Cr.R. 367,
334 S.W.2d 294 (Tex.Crim.App. 1960), this application for a post-conviction writ of habeas
corpus will be held in abeyance pending the trial court's compliance with this order. The
trial court shall resolve the issues presented within ninety (90) days of the date of this order. (1) 
A supplemental transcript containing all affidavits, the transcription of the court reporter's
notes from any interrogatories or hearings held, along with the trial court's findings of fact
and conclusions of law, shall be returned to this Court within one hundred twenty (120) days
of the date of this order. (2)


 IT IS SO ORDERED THIS THE 26th day of April, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.